In the Matter of the Claim of GORDON MOE STICKLE, Appellant, against WESTCOTT GARAGE, Employer, and ÆTNA LIFE INSURANCE COMPANY, Insurance Carrier, Respondents. STATE INDUSTRIAL BOARD, Respondent.

Third Department, April 29, 1942.

*Albert Orenstein,* for the appellant.

*Frank L. Ward,* for the employer and insurance carrier, respondents.

*John J. Bennett, Jr., Attorney-General [Roy Wiedersum, Assistant Attorney-General,* of counsel], for the State Industrial Board, respondent.

SCHENCK, J. Claimant was injured while employed as mechanic by respondent Westcott Garage on January 16, 1939. Compensation was paid by the respondent carrier until December 16, 1939, when further liability was disclaimed by said carrier on the ground that disability beyond that date was not caused by the injury sustained on January 16, 1939.

Thereafter further hearings were held terminating in an agreement between carrier and claimant for a lump sum settlement of $4,000. This was approved in a decision of the referee, before whom hearings had been held, filed August 12, 1940. The settlement as approved provided for an allowance to claimant's attorney, payment of physicians, payment of $474 cash to claimant, and directing payment of the balance of $4,000 to claimant at the rate of $14.69 weekly.

On November 19, 1940, claimant requested lump payment of the remaining balance which was approximately $2,300 at that time. The Rehabilitation Bureau recommended payment of this balance. At the hearing to consider this recommendation, however, the referee not only did not direct the lump payment but ordered discontinuance of all payments and disapproved the original lump sum settlement. The Industrial Board affirmed this ruling of the referee in a decision dated June 5, 1941, and noticed on June 16, 1941.

The said decision as affirmed and appealed from should be reversed. The $4,000 lump sum settlement should be reinstated and the unpaid balance should be paid to claimant at this time, with interest from December 24, 1940, the date of last payment to claimant. The settlement agreement of $4,000 between claimant and carrier, having been properly entered upon by the parties and approved by the referee, gave a vested right to the proceeds to the claimant, at least within the limits of the order of approval prescribing method of payment. That the rights of a claimant to an award become vested in said claimant was held by this court in *Matter of Miller* v. *Pierson & Williams* (227 App. Div. 675; affd., 253 N. Y. 541).

In addition to the foregoing, there did not appear to be any substantial evidence before the referee, at the hearing to consider the recommendation of the Rehabilitation Bureau, upon which the referee would have been justified in passing upon the lump sum settlement already approved.

The decision of State Industrial Board, dated June 5, 1941, should be reversed and decision of August 12, 1940, reinstated, carrier to pay interest on balance of $4,000 lump sum settlement from December 24, 1940.

HILL, P. J., CRAPSER and FOSTER, JJ., concur; BLISS, J., dissents and votes to affirm the decision of the State Industrial Board.

Decision of the State Industrial Board reversed, without costs. [See 264 App. Div. 797.]